TAYLOR, J.,
concurring in result.
I agree that the trial court reversibly erred in admitting the no reasonable cause letter in this case because its minimal probative value was substantially outweighed by its potential for prejudice. However, I would go further and rule that such determination letters are per se inadmissible in employment discrimination jury trials.
Although federal circuit courts usually leave the decision whether to admit these determination letters to the trial courts, I see no point in requiring courts to make a case-by-case assessment of their admissibility. The low probative value of these letters will invariably be outweighed by the unfair prejudice, confusion, and delay that will result from their admission. For that reason, we should decline to follow the federal courts’ balancing approach and opt instead for a per se rule that will result in uniform decisions on these letters. Applying a “bright line” rule that removes these letters from the jury’s consideration is preferable, in my view, because the EEOC’s opinion on whether an employer has discriminated against a plaintiff creates insurmountable prejudice in the minds of the jury.
Moreover, I am not persuaded by the reasoning of some federal courts that the training and expertise of EEOC investigators make their determinations highly probative. On the contrary, perceptions about the agency’s authority and superior knowledge render its reports highly prejudicial. A report from the EEOC that discrimination has or has not occurred will unfairly influence the jury in deciding that ultimate question. Allowing the report into evidence amounts to “admitting the *608 opinion of an expert witness as to what conclusions the jury should draw, even though the jury had the opportunity and the ability to draw its own conclusions from the evidence presented.” Cambra v. Rest. Sch., No. Civ. A 04-2688, 2005 WL 2886220 (E.D.Pa. Nov. 2, 2005) (quoting Johnson v. Yellow Freight System, Inc., 734 F.2d 1304, 1309 (8th Cir.1984)); see also Rudy v. Miami-Dade County, 15 Fla. L. Weekly Fed. D124, 2002 WL 368599 (S.D.Fla. Feb. 5, 2002). Indeed, the Eleventh Circuit acknowledged this potential for prejudice in Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1288 (11th Cir. 2008). There, although the court approved admission of the EEOC determination letter, it noted that the district court was careful to explain to the jury the purpose and character of an EEOC determination and “instructed the jury to guard against the improper use of this evidence.” Id.
Another reason to exclude reasonable cause determination letters is that their admission often results in undue delay and waste of time. These are additional factors that courts must consider in a Rule 403 balancing analysis. See Coleman v. Home Depot, Inc., 306 F.3d 1333, 1346-47 (3d Cir.2002) (finding that the trial court properly excluded the EEOC determination after weighing undue delay and waste of time against its low probative value). EEOC reasonable cause letters generally repeat many of the facts that both parties will attempt to prove at trial. Cambra, 2005 WL 2886220 at *4. When an EEOC determination letter is admitted, the party with the unfavorable result must spend considerable time and effort challenging the basis for the investigator’s opinions and conclusions. “This will result in a significant trial within a trial that will include a comparison of the evidence considered by the EEOC and the evidence submitted at trial, an attack on the conclusions reached, and presentation of the different standards that might be applicable.” McNeal v. Kans. City Ry., No. 05CV791, 2007 WL 1237934 at *2 (W.D.La. April 27, 2007). “The ‘trial’ of the EEOC determination letter would be an undue waste of time, and it would present significant opportunity for juror confusion.” Id.
Furthermore, the Florida Civil Rights Act provides some support for adoption of a per se rule of inadmissibility of reasonable cause determination letters. The Act contains a provision which states that “[t]he commission’s determination of reasonable cause is not admissible into evidence in any civil proceeding, including any hearing or trial, except to establish for the court the right to maintain the private right of action,” See § 760.11(5), Fla. Stat. (2008). I believe that this provision in our civil rights law reflects the legislature’s intent that a trial be a fresh re-examination of the facts surrounding a claim of discrimination, independent of the agency’s findings.[9]
Because I agree with the majority that the trial court erred in admitting the no reasonable cause determination letters in this case, I concur in the reversal and remand of this cause for a new trial.

. The FCRA does not have a per se rule on inadmissibility for a "no reasonable cause” determination. But this can be attributed to the Act's unique structure providing that "no reasonable cause” determinations will be decided only administratively and not become subject to a subsequent jury trial. However, as the unique facts of this case demonstrate, where multiple statutory rights are sought simultaneously, that design may not always hold true. Had the legislature contemplated this situation, it probably would have adopted the same per se rule of exclusion for "no reasonable cause” determinations that it provided for "reasonable cause” determinations, as a matter of fairness to the parties.